IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Case No. 03-CR-493-WM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT JEROME JONES,

    Defendant.

---

## ORDER ON SECOND MOTION FOR NEW TRIAL

Miller, J.

This matter is before me on the second motion for new trial, filed by defendant Robert Jones on June 26, 2005, based on allegations of newly discovered evidence. The government opposes the relief requested. For the reasons that follow, I will deny the motion.

Jones contends that, following the first sentencing hearing on May 2, 2005, he informed his attorney "that he had learned that another individual in the ADX-Florence had suffered a similar unprovoked attack by correction officer Brian Eichers during the summer of 2003." Motion, ¶ 3. The motion does not indicate when Jones himself learned this information, although in reply Jones states that he first learned of the allegations after trial. His attorney followed up with an interview of a John Burr concerning Burr's assertion that, in 2003, Eichers "took him to the floor" and held him face down in violation of Bureau of Prison policy governing the use of force against inmates.

Fed. R. Crim. P. 33(a) authorizes me, in my discretion, to grant a new trial "if the interest of justice so requires." In the Tenth Circuit, "a motion for new trial is regarded with disfavor and should only be granted with great caution." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Where a motion for new trial is grounded on a claim of newly discovered evidence, the defendant must show that:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probable produce an acquittal.

*United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997) (citations omitted). *See also United States v. LaVallee*, ___ F.3d ___ (10th Cir. 2006) (2006 WL 466486).

Jones argues these standards are met, although most of his assertions are merely conclusory restatements of the *Sinclair* factors. I assume the new evidence was discovered after trial and that the late discovery was not the result of a lack of diligence. Arguably, the evidence is material. Nevertheless, the evidence is still merely impeaching. Jones attempts to make more out of it, stating that the evidence "also goes directly to [Officer Eichers's] credibility," but attacks on a witness's credibility are part and parcel of impeachment. Jones also states the new evidence would have created an independent basis for a renewed request to obtain Officer Eichers's personnel and disciplinary records, but again any such evidence would only have provided fodder for impeachment.[1]

---

[1] In its response, the government asserts that it has learned from the Bureau of Prisons that Officer Eichers's records contain no complaints by Burr against the officer for excessive use of force. Jones informs me in reply that Burr did not report the incident to prison authorities.

2

In his reply, Jones argues for the first time that evidence of the Burr incident would have been admissible under Fed. R. Evid. 404(b) as independent evidence relevant to the affirmative defense of self-defense. Jones fails to provide any information from which I could determine that the Burr incident was similar enough to the facts of this case to be relevant for 404(b) purposes. Absent such information, the only purpose of the evidence would be impeachment of Officer Eichers.

Further, given the evidence in this case, including other eyewitness testimony and a video recording, I cannot find or conclude that some impeachment of one witness would probably result in an acquittal.

Accordingly, it is ordered that the Motion for New Trial - Second, filed June 28, 2005, is denied.

DATED at Denver, Colorado, on March 3, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge